IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EVS CODEC TECHNOLOGIES, LLC | § § § | |
| *Plaintiff* | § | CIVIL ACTION NO. 2:26-CV-00183-JRG |
| | § | |
| v. | § § | |
| | § | |
| HUAWEI DEVICE (SHENZHEN) CO., LTD. AND HUAWEI (DONGGUAN) DEVICE CO., LTD. | § § § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § § | |

**FIRST AMENDED COMPLAINT**

Plaintiff EVS Codec Technologies, LLC ("ECT" or "Plaintiff") hereby submits this First Amended Complaint against Defendants Huawei Device (Shenzhen) Co., Ltd. ("Huawei Shenzhen") and Huawei (Dongguan) Device Co., Ltd. ("Huawei Dongguan") (collectively, "Huawei" or "Defendants"). This First Amended Complaint is allowed as a matter of course and without leave of this Court pursuant to Fed. R. Civ. P. 15(a)(1) and states as follows:

**THE PARTIES**

1. ECT is a Texas limited liability company with a principal place of business at 6318 Shoreview Ct., Humble, Texas 77346.

2. On information and belief, Defendant Huawei Device (Shenzhen) Co., Ltd. Is a Chinese corporation having a principal place of business in Bantain, Longgang District, Shenzhen, 518129, China.

3. On information and belief, Defendant Huawei Device (Gongguan) Co., Ltd. is a Chinese corporation having a principal place of business in Nanfang Factory B2-5, No. 2 Xincheng

1

Road, Songshan Lake Science and Technology Industrial Zone, Dongguan, Guangdong, China 523808.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a) because this suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.

5.      Huawei has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas.

6.      Huawei is subject to personal jurisdiction in Texas and in this judicial district.

7.      This Court has personal jurisdiction over Huawei because of a mandatory forum-selection clause in a Patent License Agreement between Huawei and ECT (the "Patent License Agreement" or the "PLA") which is the subject of this First Amended Complaint and which expressly requires that "[a]ny legal action or other legal proceeding relating to this Agreement or the enforcement of any provision of this Agreement must be brought or otherwise commenced in a federal or state court in Texas."[1]  Indeed, in the PLA entered into in March of 2020, Huawei expressly waived and agreed not to "assert any objection to the jurisdiction of such state and federal courts in connection with any such legal proceeding."[2]

8.      Huawei is additionally subject to personal jurisdiction under the provisions of the Texas Long Arm Statute, TX CIV. PRAC. & REM CODE§ 17.041 et seq., by virtue of the fact that, upon information and belief, Huawei has availed itself of the privilege of conducting and soliciting business within this State as well as by others acting as Huawei's agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent

---

[1] PLA at §11.1.
[2] *Id.*

2

with principles underlying the U.S. Constitution, and the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

9.      On information and belief, Huawei has established minimum contacts in Texas by negotiating the PLA through ECT's Texas-based representatives and by entering into the PLA, a contract with a Texas resident that, in whole or in part, contemplates performance in Texas.

10.      Venue as to Huawei Shenzhen and Huawei Dongguan, foreign corporations, is proper in this judicial district under 28 U.S.C. §§ 139l(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## SUMMARY

11.      ECT originally filed a claim against Huawei in this Court alleging patent infringement on August 7, 2018.[3]  Pursuant to a Joint Stipulation and Motion to Dismiss Without Prejudice,[4] that patent infringement case was dismissed by this Court without prejudice on July 26, 2019.[5]

12.      Months later, in March of 2020, ECT and Huawei entered into the Patent License Agreement that is the subject of this Original Complaint.  The PLA was the product of months of arm's length negotiations between ECT and Huawei.  ECT and Huawei entered into the PLA as independent, unrelated, and sophisticated parties.  The PLA reflects as much, as both ECT and Huawei explicitly agreed that the "LICENSE HAS BEEN VOLUNTARILY AND MUTUALLY AGREED UPON AFTER INTENSIVE NEGOTIATIONS . . ."[6]  Predictably, the parties also

---

[3] Case No. 2:18-cv-00346
[4] *Id.* at Dkt 66.
[5] *Id.* at Dkt 67.
[6] PLA at §7.10 (emphasis in original).

3

acknowledged "having carefully read this Agreement, having obtained adequate explanations on the nature of its provisions, and understanding the latter."[7]

13.    Huawei agreed to pay valuable, cash consideration to enter into the PLA, and that consideration, while confidential, is very clearly identified in the PLA itself.[8]   Huawei did, in fact, pay the cash consideration specified in the PLA.  The PLA also references the parties' desire to resolve all aspects of present and future disputes between them and contains mutual releases of claims.

14.    The PLA contains a broad merger clause providing that "[t]his Agreement and any Appendices *constitute the entire agreement between the Parties and supersedes all prior written and oral agreements* with respect to the subject matter hereof . . . "[9]   ECT and Huawei further agreed that no provision of the PLA could be waived or modified "unless such waiver or consent is given in writing and signed by the Party claimed to have waived or consented."[10]  The PLA was never waived, modified, or amended.

15.    ECT and Huawei made written representations and warranties contained in the PLA.  Notably, Huawei explicitly "represent[ed] and warrant[ed] that in executing this Agreement, *it does not rely on any promises, inducements or representations made by any person*, whether a Party to this agreement or otherwise, *with respect to this Agreement or any other business dealing with any person, whether or not a Party to this Agreement, now or in the future*."[11]  Put differently, Huawei clearly represented and warranted to ECT that the PLA was an independent, stand-alone, arm's length agreement and that the PLA did not include any other business dealings, side-deals,

---

[7] *Id.* at §12.9.
[8] *Id.* at §§4.1-4.5.
[9] *Id.* at §12.7 (emphasis added).
[10] *Id.* at §12.13.
[11] *Id.* at §7.5.

or consideration not explicitly contained within the four corners of the PLA.  ECT relied on Huawei's representations when entering into the PLA and would have never entered into the PLA without these representations.

16.    ECT is now a party to a pending arbitration in which Huawei is not a party.  In that arbitration, ECT's opponent has taken the position that, despite the explicit terms of the PLA to the contrary, the PLA does, in fact, have some sort of unstated or "hidden" consideration supporting it and that the PLA is also subject to business dealings and side-deals that are not contained anywhere in the PLA, existing nowhere within its four corners.  For instance, ECT's opponent has made the conclusory allegation that "conversations between Marc Booth and Steven Geiszler" supposedly "confirmed that Huawei had assigned . . .patents . . . with the understanding that the assignment was part of the consideration [for the PLA] . . ."   While ECT considers this position to be groundless and repeatedly contradicted by the express provisions of the PLA, ECT's opponent in the arbitration has stated that between April 5, 2022 and March 17, 2024, Huawei, through one of its representatives, Steven Geiszler, allegedly conveyed that Huawei paid consideration outside of, and in addition to, what is explicitly contained in the PLA itself on the understanding that such extra-contractual consideration was part of the consideration for the PLA. According to the deposition Mr. Marc Booth as the corporate representative of ECT's opponent, Mr. Geiszler allegedly told him at a conference in 2025 that the consideration for the PLA included another deal and that Huawei somehow paid consideration other than what was expressly included in the PLA as part of its consideration. ECT's opponent has also stated in sworn testimony that Huawei has stated that the PLA is "linked" to business dealings, side-deals, or consideration mentioned nowhere in the PLA itself.  Mr. Booth has also testified that Mr. Geiszler supposedly told him that Mr. Geiszler's understanding of the PLA was that it was not a standalone agreement

(despite what the PLA says to the contrary), and that the entire PLA actually included a different agreement as well (again, despite explicit representations in the PLA directly to the contrary).  The same witness, Marc Booth, testified in his personal capacity that Mr. Geiszler told him that there was a side deal that formed part of the consideration for the PLA "in addition to cash." Although ECT has not been able to verify that Huawei made such false statements, such statements attributed to Huawei, if actually made by Mr. Geiszler, directly contradict Huawei's representations made by Huawei to ECT in the PLA itself.  If Mr. Geiszler actually made such statements, which ECT very much doubts, then his statements would be a brazen breach of the PLA, including representations made in the PLA by Huawei and on which ECT relied when entering the PLA.  It would also be highly inappropriate for Mr. Geiszler to be supposedly discussing details of ECT's negotiations without the knowledge or consent of ECT; this is especially true given that Mr. Geiszler did not negotiate the PLA on behalf of Huawei with ECT.

17.     ECT's opponent in the arbitration has nevertheless brought claims against ECT based on these alleged statements by Huawei. ECT has incurred, and will continue to incur, millions of dollars of fees and expenses to defend itself against these spurious allegations.  The PLA could not be clearer that there are no oral or other agreements outside of its four corners and that it cannot be modified or waived except in writing.  This agreement, entered into by sophisticated parties represented by counsel, means what it says.  ECT turns to this Court for a declaratory judgment confirming as much.  Additionally, if Huawei did, in fact, make such statements to ECT's opponent, ECT brings its claims against Huawei for breach of representation and warranty in connection with the PLA and seeks compensation for all of its resulting damages, whether in terms of attorney's fees, expenses, excerpt fees, or indemnification for any judgment

6

against ECT or agreement reached by ECT, regardless of how baseless or improper such a judgment would be or how harassing any such agreement would be.

## COUNT 1:  DECLARATORY JUDGMENT

18.     ECT requests a declaratory judgment from this Court that the PLA is a fully-integrated, unambiguous contract enforceable on its plain terms and that, consistent with those terms, there are no additional, oral, or other agreements pertaining to the PLA including any unstated or "hidden" consideration.

19.     ECT's request for a declaratory judgment is proper because this request will serve a useful purpose in clarifying and settling legal relations at issue and will provide relief from the uncertainty, insecurity, and controversy resulting from the alleged statements made by Huawei that have given rise to this proceeding.

20.     This Court has jurisdiction to hear this declaratory judgment action because the case is otherwise within its subject-matter jurisdiction and, to the extent Huawei's alleged statements were within the course and scope of Mr. Geiszler's employment with Huawei, and/or reflective of Huawei's legal position on the nature of the PLA, there is an actual controversy between ECT and Huawei.  Declaratory relief is available to ECT because there is an actual, substantial case or controversy between the parties who have adverse legal interests of sufficient immediacy and reality.

21.     In addition to a declaratory judgment, ECT also requests an award of damages following appropriate notice and a hearing on damages.  ECT also requests an award of attorney fees in its favor.

## COUNT II:  BREACH OF CONTRACT

22.      The PLA is a valid, enforceable contract between ECT and Huawei.  ECT is, therefore, a proper party to bring suit for breach of the PLA.  ECT performed its contractual obligations under the ECT, tendered its performance, or was excused from performing its contractual obligations under the PLA.

23.      Huawei expressly represented and warranted to ECT, among other such representations and warranties, that "[t]his Agreement and any Appendices *constitute the entire agreement between the Parties and supersedes all prior written and oral agreements* with respect to the subject matter hereof . . . "[12]  Huawei further represented and warranted that "*it does not rely on any promises, inducements or representations made bay any person, whether a Party to this Agreement or otherwise, with respect to this Agreement or any other business dealing with any person*, whether or not a party to this Agreement, now or in the future."[13]

24.      ECT would not have entered into the PLA without these representations and warranties.  The statements attributed to Mr. Geiszler, if actually made by him on behalf of Huawei, would be proof of a breach of these representations and warranties by Huawei to ECT.  Mr. Geiszler did not negotiate the PLA on behalf of Huawei and these supposed statements, if actually articulated, would be both verifiably false and a clear breach of the representations and warranties made by Huawei to ECT in the PLA.

25.      Huawei's alleged actions, if true, would be a breach of the PLA, thereby allowing ECT to recover all damages for all foreseeable injuries as well as to obtain equitable remedies.  Huawei's breach deprives ECT of the benefits it reasonably expected when entering the PLA.

---

[12] PLA at §12.7 (emphasis added).
[13] *Id.* § 7.5 (emphasis added).

8

26.     ECT seeks all of its damages from Huawei resulting from its alleged actions, if true, including, but not limited to all of its attorney fees in the arbitration, all of its attorney fees in this matter, damages for loss of its expectation and reliance interests resulting from the PLA, indemnification and reimbursement for all amounts of damages, if any, awarded against ECT in the arbitration or agreed to by ECT in order to resolve the arbitration, and damages for loss of business reputation for ECT.

## JURY DEMAND

27.     ECT hereby demands a trial by jury on Count II.

## PRAYER FOR RELIEF

WHEREFORE, ECT requests entry of judgment in its favor against Huawei as follows:

a.  a declaratory judgment from this Court that the PLA is a fully-integrated, unambiguous contract enforceable on its plain terms and that, consistent with those terms, there are no additional, oral, or other agreements pertaining to the PLA including any unstated or "hidden" consideration;

b.  an award of damages from Huawei resulting from its breach of contract including, but not limited to all of its attorney fees in the arbitration, all of its attorney fees in this matter, damages for loss of its expectation and reliance interests resulting from the PLA, indemnification and reimbursement for all amounts of damages, if any, awarded in the arbitration, amounts, if any, agreed by ECT to be paid or conveyed in the arbitration, and damages for loss of business reputation for ECT;

c.  an award to ECT of all of its taxable or recoverable costs;

d.  an award of attorney's fees as permitted by law; and

9

e.   all such other and further relief, whether legal, equitable, or otherwise, to which ECT

     may be entitled or which this Court may order.

Dated:  March 27, 2026.

Respectfully submitted,

/s/ Deron R. Dacus_____
Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
E-mail: ddacus@dacusfirm.com

ATTORNEYS FOR PLAINTIFF

`