**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| EVC CODEC TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:26-CV-00183-JRG |
| HUAWEI DEVICE (SHENZHEN) CO., | § | |
| LTD. AND HUAWEI (DONGGUAN) | § | |
| DEVICE CO., LTD, | § | |
| | § | |
| *Defendants*. | § | |

## <u>ORDER</u>

Before the Court is the Ex Parte Motion for an Order Authorizing Alternative Service of Process on Defendants (the "Motion") filed by Plaintiff EVS Codec Technologies, LLC ("Plaintiff"). (Dkt. No. 2). In the Motion, Plaintiff seeks to serve Defendants Huawei Device (Shenzhen) Co., Ltd. ("Huawei Shenzhen") and Huawei (Dongguan) Device Co., Ltd. ("Huawei Dongguan") (together, "Defendants") through Defendants' counsel in the United States and through other electronic points of contact which they have identified. (*Id.* at 2).

The Court finds that electronic service is not prohibited by international agreement, and that electronic service complies with constitutional due process. (*Id.* at 4-7). However, Plaintiff has not shown that Defendants' outside counsel from a previous litigation continues to represent Defendants in the present case. Additionally, Plaintiff has not shown that in-house counsel for Futurewei Technologies Inc., who previously appeared in Court on behalf of Defendants, can still accept service on behalf of Defendants. Lastly, Plaintiff has not shown that serving Defendants via support@huawei.com or mobile@huawei.com—which appear to be general customer service links—is sufficient notice to satisfy constitutional due process.

On the other hand, the Court observes that the parties have expressly agreed that any legal action with respect to the now-disputed Patent License Agreement must be brought in a federal or state court in Texas. (*Id.* at 1-2). Additionally, the Court notes that Defendants have mediated this matter in the United States in 2025. (*Id.*). Therefore, the Court agrees with Plaintiff that Defendants' refusal to accept service in the United States, or waive service, creates unnecessary delay.

Having considered the Motion, the Court finds that it should be and hereby is **DENIED**. However, the Court **GRANTS LEAVE** for Plaintiff to file a subsequent motion to recover costs incurred in attempting to serve Defendants or in attempting to obtain a waiver of service.

**So ORDERED and SIGNED this 31st day of March, 2026.**

_____
RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE